UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE PELLEGRIN, ADAMS &                CIVIL ACTION
CHAUVIN TOWING CO., ET AL.

                                        NO: 12-156

                                        SECTION: "A" (1)


## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 15)** filed by claimant Yuma Exploration and Production Co. Petitioner-in-limitation Pellegrin, Adams & Chauvin Towing Co. ("PAC Towing") opposes the motion.  The motion, scheduled for submission on March 13, 2013, is before the Court on the briefs without oral argument.  For the reasons that follow, the motion is DENIED.

## I.   BACKGROUND

On October 2, 2011, the M/V PAC I towing vessel allided with the Yuma Main Pass Block 10 SL 17451 #2 Well ("the Well") located in Breton Sound, Louisiana.  The allision sheared off the Well's "Christmas tree" and severed the riser.  Yuma contends that the Well was properly lit and identified on the standard navigation charts such that a prudent mariner would have known of its location.

PAC Towing filed the instant limitation complaint to limit

its liability at $678,425.00.  Yuma contends that it suffered damages in excess of $1 million dollars to control, plug, and abandon the Well.

Yuma now moves for judgment as a matter of law on the issue of whether the PAC I was unseaworthy and whether PAC Towing can limit its liability.  PAC Towing argues that liability, if any, would be based on negligence, not unseaworthiness, and that an isolated act of ordinary negligence does not deprive a vessel owner of its limitation defense.  This matter is scheduled to be tried to the bench on May 6, 2013.

## II.  DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party.  Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support

the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Once negligence or unseaworthiness is proven to be the proximate cause of the accident, the owner seeking limitation must show that it lacked privity or knowledge of the condition. In re Signal Intern., LLC, 579 F.3d 478, 496 (5th Cir. 2009) (quoting Gateway Tugs, Inc. v. Am. Comm. Lines, Inc., 72 F.3d 479, 481 (5th Cir. 1996)).  "Privity or knowledge" implies some sort of complicity in the fault that caused the accident.  In re Omega Protein, Inc., 548 F.3d 361, 371 (5th Cir. 2008) (quoting Brister v. A.W.I., Inc., 946 F.2d 350, 355 (5th Cir. 1991)).  The owner has privity "if he personally participated in the negligent conduct or brought about the unseaworthy condition."  Id. (quoting Trico Marine Assets, Inc. v. Diamond B Marine Servs., Inc., 332 F.3d 779 (5th Cir. 2003)).  The question of privity or knowledge will turn on the specific facts of the individual case. Omega Protein, 548 F.3d at 371 (quoting Brister, 946 F.2d at 355-

56).

The presumption in this case is that the PAC I was at fault for the accident because it allided with a stationary object. See The Oregon, 158 U.S. 186 (1895).  It does not follow, however, that Yuma is entitled to judgment as a matter of law on the issue of whether PAC Towing can limit its liability.  Under settled law, PAC Towing may limit its liability if Captain Hotard's navigational error was outside its privity or knowledge. Continental Oil Co. v. Bonanza Corp., 677 F.2d 455, 466 (5th Cir. 1982).  This question will be extremely fact driven and the Court cannot make such a determination on the summary judgment record.

Likely recognizing the inherent difficulty in undermining a vessel owner's denial of privity with respect to what appears to be an isolated act of negligence, Yuma seeks a declaration that the PAC I was unseaworthy, and that the vessel's unseaworthy condition was within PAC Towing's privity or knowledge.  Yuma's contentions with respect to an unseaworthy condition focus on Captain Hotard.  Yuma characterizes the captain as being completely incompetent.

The Court will not render judgment as a matter of law on the question of the captain's competence, and whether his incompetence, if any, rendered the vessel unseaworthy.  In fact, the Court cannot appropriately characterize on this record what occurred in the Sound as being negligence or unseaworthiness or a

combination of both.  Yuma is free to pursue an unseaworthiness claim at trial, but the claim cannot appropriately be adjudicated via summary judgment.  And even if the Court could determine on summary judgment that the vessel was unseaworthy, the Court nonetheless could not determine the fact-intensive issue of PAC Towing's privity or knowledge with respect to that condition.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 15)** filed by claimant Yuma Exploration and Production Co. is **DENIED**.

March 18, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE